FILED IN OPEN COURT

DATE: 3/30/04

TIME: 1:41 pm

INITIALS: JL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Cr. No.  04-20326 |
| | * | |
| MARIA OLLIE, | * | |
| | * | |
| Defendant. | * | |

## PLEA AGREEMENT

The defendant Maria Ollie ("Ms. Ollie" or "Defendant"), being represented by attorney Edwin Perry, and the United States, being represented by Terrell L. Harris, the United States Attorney for the Western District of Tennessee, and Scott F. Leary, Assistant United States Attorney (the "Government"), pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following Plea Agreement.

1.      The Defendant will plead guilty to the indictment.

2.      The Defendant has been informed of the nature and elements of the charges to which she will plead guilty.  After consultation with her attorney, Ms. Ollie agrees to waive in open Court her constitutional rights, and by signing this agreement, Ms. Ollie admits that she is, in fact, guilty of this offense and that she will enter a guilty plea before the Court.

3.      Neither the Government nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court.   The Defendant understands that any estimate of the probable sentencing range that she may have received from defense counsel, the government, or anyone else is a prediction, not a promise, and said prediction

30

is not binding on the Court.  It is understood that the matter of sentencing is within the sole

discretion of the trial court.  Ms. Ollie acknowledges and understands that if the Court imposes a

sentence greater than what she expects she will not be afforded an opportunity to withdraw her plea.

4.     Ms. Ollie understands that the Court may impose a term of imprisonment of not less

than 15 years.  Further, the Defendant understands that she must pay a mandatory assessment of one

hundred ($100.00) dollars pursuant to 18 U.S.C. § 3013 for each count to which he is pleading

guilty. The Defendant agrees to pay said mandatory assessment to the United States District Court

Clerk following entry of his plea of guilty.

5.     Pursuant to Rule 11(c) of the Fed.R.Crim.P. and in consideration for the Defendant's

plea of guilty, the Government will recommend that the Defendant receive full credit for acceptance

of responsibility (U.S.S.G.  §3E1.1) provided the Defendant's conduct continues to clearly

demonstrate acceptance of her personal responsibility for her offense up to the date of sentencing.

In this regard, Ms. Ollie understands that the recommendation is not binding on the Court and that

if the Court does not follow the recommendation, she will not be allowed to withdraw her plea of

guilty.

6.     The Government anticipates, but does not commit to, filing a motion for downward
and 18 u.S.C. § 3553 (e)
departure pursuant to §5K1.1 of the U.S.S.G. √In the event the Government does file a §5K1.1

motion, Ms. Ollie understands that any §5K1.1 recommendation is not binding on the Court and that

if the Court does not follow the recommendation, she will not be allowed to withdraw her plea of

guilty.

7.     This agreement is limited to the United States Attorney's Office for the Western

District of Tennessee and cannot bind other federal, state or local prosecuting authorities.

2

8.      The Defendant acknowledges that she has not been coerced, threatened, or promised anything other than the terms of this plea agreement in exchange for her plea of guilty.  The Defendant has discussed the terms of the foregoing plea agreement with her attorney and is satisfied with the attorney's advice.  The Defendant understands that she has the right to make known to the Court, at any time, any dissatisfaction she may have with her attorney's representation.  The Defendant agrees to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint she may have with her attorney's representation.  Being aware of all the possible consequences of her plea, the Defendant has independently decided to enter her plea of guilty, and affirms this agreement by the signature below.

9.      Should it be judged by the Government that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstructing or impeding justice within the meaning of U.S.S.G. § 3C1.1, including any false exculpatory statements on behalf of any codefendant, or has failed to make any Court appearances in this case, from the date of Defendant's signing of this plea agreement to the date of Defendant's sentencing, or if the Defendant attempts to withdraw her plea, the Government will be released from its obligations and would become free to argue for any sentence within statutory limits.  Such a breach by the Defendant would not release the Defendant from this plea of guilty.

SCOTT F. LEARY
ASSISTANT U.S. ATTORNEY

3/30/05
DATE

3

EDWIN PERRY
COUNSEL FOR DEFENDANT

3/30/05

DATE

MARIA OLLIE
DEFENDANT

3-30-05

DATE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 30 in
 case 2:04-CR-20326 was distributed by fax, mail, or direct printing on
April 4, 2005 to the parties listed.

---

US Marshals
Memphis, TN

US Probation Office
Memphis, TN

US Pretrial Office
Memphis, TN

Honorable J. Breen
US DISTRICT COURT